813 F.2d 400
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph G. FALLON, Connie Fallon, Joseph G. Fallon and Connie
Fallon as Parents of Michelle Fallon, Appellants,
v.
Jerry SCARBOROUGH, TFC Maryland State Police; Paul Svoboda,
CPL Maryland State Police, Appellees.
and
Wilbert T. Travers, Superintendent, The Maryland State
Police Trooper, Mayor and City Council of City of Havre De
Grace and James Walker, Chief of Police, Havre De Grace
Police Dept., Jerry Scarborough, TFC, Maryland State Police,
William Dill, CPL, Havre De Grace Police Dept., Lawrence
Baldwin, Officer, Havre De Grace Police Dept., Dennis
Rittersohofer, Officer Havre De Grace Police Dept., Defendants.
 No. 85-2208.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1986.
Decided Aug. 20, 1986.
 
 Before WINTER, Chief Judge, and RUSSELL and PHILLIPS, Circuit Judges.
 Richard W. Berlinger (Joseph A. Schwartz, III; Theodore H. Swan, Jr., on brief), for appellants.
 James J. Doyle, III, Assistant Attorney General (Stephen H. Sachs, Attorney General of Maryland, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Plaintiffs Joseph and Connie Fallon, in their individual capacities and as parents of Michelle Fallon, sued Maryland State Police Officers Jerry Scarborough and Paul Svoboda under 42 U.S.C. Sec. 1983, alleging deprivation of plaintiffs' rights under the fourth and fourteenth amendments. The complaint also alleged pendent state law claims for false arrest and invasion of privacy. These alleged causes of action arose out of defendants' entry into the Fallon home and their arrest of Joseph Fallon. Before the close of plaintiffs' case (Mr. Fallon had not yet testified), the district judge directed a verdict for defendants on all counts of the complaint, on the grounds that Connie Fallon voluntarily consented to the officers' entry and that the officers, once inside, had probable cause to arrest Joseph Fallon.
 
 
 2
 Plaintiffs appeal, asserting that, considering the totality of the circumstances, the evidence presented jury questions as to whether Mrs. Fallon's consent was voluntary and whether the officers in good faith believed that they had probable cause to arrest Mr. Fallon. Plaintiffs also contend that in any event a directed verdict on the consent and probable cause issues should not have precluded the presentation of evidence relating to the issue of excessive force and to the various state law claims.
 
 
 3
 We affirm.
 
 
 4
 From our review of the record, we are persuaded, as was the district court, that plaintiffs' evidence unquestionably proved that Mrs. Fallon voluntarily consented to defendants' entry into plaintiffs' living quarters. Indeed she volunteered the invitation that they enter. We are also persuaded that plaintiffs' evidence unquestionably proved defendants had probable cause to arrest Mr. Fallon. These conclusions dispose of plaintiffs' Sec. 1983 claims and their pendent state claims of false arrest and invasion of privacy.
 
 
 5
 Before us, plaintiffs assert that the district court erred in not permitting them to develop the claim that defendants employed excessive force in taking Mr. Fallon into custody. We recognize that there are facts alleged in the complaint, as well as some evidence in the record, which might support a claim, at least on the part of Mr. Fallon, that excessive force was employed when he was taken into custody.* The difficulty with the argument is that the issue of excessive force was not raised in the district court. No cause of action for use of excessive force was alleged in the amended complaint. The pretrial order signed by plaintiffs' counsel asserted no such claim. When the district court indicated an intention to terminate the trial and invited plaintiffs' counsel to proffer the testimony of Mr. Fallon, counsel made no formal proffer but indicated that the testimony would go to the issues of consent and probable cause, without any mention of any testimony as to the use of excessive force. Of course, Mr. Fallon was asleep when defendants entered plaintiffs' apartment, and he had no knowledge relevant to probable cause (or to defendants' belief that they had probable cause) or to his wife's alleged consent to the entry, so that the district court properly refused to receive his testimony.
 
 
 6
 In short, plaintiffs' contention is newly created at the appellate level. It was not raised or litigated in the district court and therefore we decline to consider it.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Even if Mr. Fallon has a meritorious claim for use of excessive force, we do not perceive how Mrs. Fallon or the infant daughter would also be entitled to damages. Yet as the contention is made to us, plaintiffs make no distinction among themselves as to the right to recover